CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
8033 Linda Vista Road Suite 200
San Diego CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys For Plaintiff

Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
23046 Ave de la Carlota, Ste 600
Laguna Hills, CA 92653
Direct : 949 859 9200
Fax : 949 954 8333
email : sahelianlaw@me.com

Attorneys for The Van Nuys Group, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker ,**<br><br>       Plaintiff,<br><br>  v.<br><br>**MGR Properties, LLC**, a California Limited Liability Company;<br>**The Van Nuys Group, Inc**., a California Nonprofit Corporation; and Does 1-10,<br><br>       Defendants. | Case No. 2:19-cv-05646-FMO-GJS<br><br>**Joint Rule 26 (f) Report**<br><br>Date:         November 14, 2019<br>Time:        10:00 a.m.<br>Courtroom:  6D<br><br>Honorable Judge Fernando M. Olguin |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Order Setting Scheduling Conference filed September 10, 2019, and having met and conferred personally on October 21, 2019 through their respective attorneys of record, Plaintiff Brian Whitaker and Defendant The Van Nuys

Group, Inc. hereby submit their Joint Rule 26(f) Report.

### a) Short Synopsis of the Principal Issues

<u>Plaintiff</u>: Brian Whitaker is a quadriplegic. He suffers from a C-4 spinal cord injury and uses a wheelchair for mobility. Defendant MGR Properties, LLC owns the real property located at or about 8311 Beverly Blvd., Los Angeles, California. Defendant The Van Nuys Group, Inc. owns the Green Easy ("Store") located at or about 8311 Beverly Blvd., Los Angeles, California.

On the date of the plaintiff's visit, the defendants failed to provide accessible paths of travel leading to the interior of the Store.

The defendant's failure to provide for accessible path of travel at the Store is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, he seeks injunctive relief and the statutory minimum damage award.

<u>Defendant</u>: as in most if not all cases brought by Mr. Whitaker, he lacks Article III standing. Mr. Whitaker does not alleged injury-in-fact; does not assert what if any remedial measures the defendant must take in order to satisfy his particular disability; and does not assert facts establishing imminent harm.

### b) Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

<u>Defendant</u>: as stated earlier, Plaintiff lacks Article III Standing.

### c) Legal Issues

The principal legal issues are: (1) whether the defendants are responsible under the law to remove barriers; (2) whether the plaintiff has standing to seek either damages or injunctive relief; (3) whether the barriers are readily achievable to remove; and (4) the nature and extent of damages, if any.

<u>Defendant</u>: as stated earlier, Plaintiff lacks Article III Standing.

### d) Parties, Evidence, Etc.

<u>Plaintiff</u>: Other than the plaintiff himself, the only "witness" would be Evens Louis, investigators for plaintiff's counsel who took photographs of the subject property following complaint from the plaintiff and as part of the prefiling process. The documents that the plaintiff has would be photographs taken by Evens Louis.

<u>Defendant</u>: The relevant parties are the landlord and the tenant, represented by this attorney, Mr. Mitch Kahan.

### e) Insurance

None.

f) **Magistrate Judge**

<u>Plaintiff</u>: does not consent to have a Magistrate Judge preside over this case at this time.

<u>Defendant</u>: consents to have a Magistrate Judge.

g) **Discovery Plan**

1. <u>Disclosures</u>

The Parties do not seek any changes to the form or requirements for initial disclosures. The Parties consent to exchange initial disclosures via email by November 4, 2019.

2. <u>Discovery Subjects</u>

<u>Plaintiff</u> intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of accessible path of travel at the Store; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendant</u>: Will seek discovery relative to injury-in-fact, redress which the plaintiff seeks in relation to his particular disability, and his plans to return to defendant's place of business. Defendant will also seek Discovery relative to the plaintiff's alleged difficulty and discomfort during his visit, and the reasons why he is deterred from re-visiting.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are

capable to be received via electronic means. The parties propose a discovery cut-off date of October 12, 2020.

3.  Changes in Limitations on Discovery

Plaintiff: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

Defendant: the barrier alleged in the complaint is a single step. Propounding more than 10 each of requests for admission, production, and interrogatories, is excessive. The defendant will meet and confer in advance of providing responses to streamline the standard written discovery propounded by the law firm representing the plaintiff.

4.  Discovery cut-off

Plaintiff: proposes a final discovery completion date for non-expert discovery of September 21, 2020. Plaintiff proposes that experts be designated per FRCP Rule 26 (a)(2) by September 28, 2020, and expert witness depositions be completed by October 12, 2020.

Defendant: concur.

5.  Expert Discovery

Plaintiff: proposes Initial disclosure of Expert Witnesses date of August 31, 2020, and a Rebuttal Disclosure of Expert Witnesses and Report of September 28, 2020. The date for Expert cut-off is proposed to be October 12, 2020.

Defendant: concur.

### h) Motions

<u>Plaintiff</u>: intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc*., 631 F.3d 939 (9th Cir. 2011).

<u>Defendant</u>: the plaintiff misreads Doran. It is not the function of an expert to examine the site in order to notify the plaintiff of all barriers that might be related to his disability.

### i) Class Certification

N/A

### j) Dispositive Motions

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

<u>Defendant</u>: it is customary for the parties to file cross-motions for summary judgement.

### k) Settlement/Alternative Dispute Resolution (ADR)

The parties believe that L.R. 16-15.4, Settlement Procedure Number 2— settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

//

**l) Pretrial Conference and Trial**

| Matter | Proposed Dates |
|---|---|
| Discovery Cut Off Date (including experts) | 10/12/2020 |
| Last day to have motions heard | 11/9/2020 |
| Pretrial Conference | 12/21/2020 |
| Trial | 1/5/2021 |

**m) Trial Estimate:**

<u>Plaintiff</u>: A bench trial has been requested and plaintiff anticipates a 2-3 day court trial, on or about January 5, 2021.

<u>Defendant</u>: has asked for a jury trial, which is likely to require 3-4 days.

**n) Trial Counsel:**

Trial counsel for Plaintiff is Dennis Price.

Trial counsel for Defendants is Ara Sahelian.

**o) Independent Expert or Master:**

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**p) Other Issues:**

There are no other issues affecting the status or management of the case and the parties have no proposals concerning severance, bifurcation or other ordering of proof.

Dated: October 31, 2019          CENTER FOR DISABILITY ACCESS

By: _/s/Dennis Price_
Dennis Price
Attorney for Plaintiff

Dated: October 31, 2019          SAHELIAN LAW OFFICES

By: _/s/Ara Sahelian_
Ara Sahelian, Esq.
Attorney for Defendant
The Van Nuys Group, Inc.

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: October 31, 2019         CENTER FOR DISABILITY ACCESS

                                By: */s/Dennis Price*
                                Dennis Price
                                Attorney for Plaintiff

# EXHIBIT A

# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 26 | 7/13/2020 |
| Non-Expert Discovery Cut-Off | 15 | 9/21/2020 |
| Expert Discovery Cut-Off | 12 | 10/12/2020 |
| Last Day to Conduct Settlement Proceedings | 10 | 10/26/2020 |
| Last Day for Law and Motion Hearings | 8 | 11/9/2020 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 12/21/2020 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 12/28/2020 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 1/1/2021 |
| Trial **(Tuesday at 9:00 a.m.)** | | 1/5/2021 |

10

Joint Report of Counsel                                                          2:19-cv-05646-FMO-GJS